# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TARCHA WOOD, as parent and guardian of the
minor child, D.W., et al.,

        Plaintiffs,

    v.

DISTRICT OF COLUMBIA,

        Defendant.

Civil Action No. 13-00769
DAR

## MEMORANDUM OPINION

Plaintiffs bring this action to recover attorneys' fees incurred in administrative

proceedings conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20

U.S.C. § 1400, *et seq*. Complaint ("Complaint") (Document No. 1). Pending for determination

by the undersigned are Plaintiffs' Motion for Summary Judgment (Document No. 10) and

Defendant's Cross-Motion for Summary Judgment (Document No. 14). Upon consideration of

the motions, the memoranda in support thereof and opposition thereto (Document Nos. 13, 15,

16, 18) , and the entire record herein, the undersigned will grant Plaintiffs' motion in part, and

deny Defendant's motion.

## BACKGROUND

Plaintiffs are Tarcha Wood, the parent of D.W., and D.W., a minor child residing in the

District of Columbia who is eligible for special education services. Plaintiff Wood, on behalf of

her minor child, through counsel, filed an administrative due process complaint notice on

October 16, 2012, in which she alleged that District of Columbia Public Schools ("DCPS")

denied D.W. a free appropriate public education ("FAPE") by its failure (1) to provide a special

education placement from April 2010 to the date of the notice; (2) to ensure the parent's

participation in the April 10, 2012 IEP meeting and failing to develop an appropriate IEP; (3) to

develop an appropriate IEP on May 30, 2012; and (4) to evaluate D.W. in all areas of suspected

disabilities and at the request of parent and school staff.   *See* Administrative Due Process

Complaint Notice (Document No. 10-8) at 11-12.

On November 20 and November 27, 2012, a pre-hearing conference was conducted.  The

hearing officer, at the pre-hearing conference, certified these claims.  Hearing Officer's

Determination ("HOD") (Document No. 10-2) at 4.  However, following the conference,

Plaintiff Wood withdrew her claims of compensatory education as a remedy for denial of a

FAPE, and the inappropriate goals in the May 30, 2012 IEP; that DCPS failed to take necessary

steps to allow parent's participation in the April 10, 2012 IEP meeting, and amended her claim

with respect to DCPS' evaluation of D.W. seeking vision assessment.  *Id.*

The hearing officer ultimately found in favor of Plaintiff with respect to the claims that

DCPS denied D.W. a FAPE:  by failing to comprehensively evaluate D.W. in May 2012; by

failing to conduct physical therapy, audiological, vision, and assistive technology assessments;

failing to determine how D.W. could receive education in light of physical disabilities and the

bullying and harassment of which Plaintiff voiced her complaints; failing to determine the

psychological effects of bullying and harassment on D.W.; and failing to provide appropriate

homebound services for D.W. from November 2010 to March 2012.  HOD (Document No. 10-2)

at 20-21.  However, the hearing officer found in favor of DCPS with respect to the claims that

Plaintiff "failed to prove by a preponderance of the evidence that [D.W.] needs 30 minutes of

speech and language services per week; that D.W. "would be vulnerable to inordinate regression due to a summer break or that it would take an inordinate amount of time for [D.W.] to recoup learning lost during the summer break[ ]"; "claims prior to November, 2010, for failure to provide homebound services are barred by the statute of limitations[.]" HOD (Document No. 10-2) at 21.

Plaintiff commenced this action seeking attorneys' fees and costs in the amount of $59,885.25.

**CONTENTIONS OF THE PARTIES**

Plaintiffs were represented by Carolyn Houck, Esq. and Michelle Kotler, Esq. during the administrative proceedings. *See* Plaintiffs' Memorandum at 7. Following the hearing officer determination, counsel for Plaintiffs submitted an invoice to Defendant, seeking $59,725.50 in attorneys' fees and $159.75 in costs for a total amount of $59,885.25. *See* Plaintiffs' Memorandum, Exhibit 10-3 at 2. Ms. Houck and Ms. Kotler billed at an hourly rate of $435 for services rendered from June 15, 2012 through April 27, 2013. *Id.*

Plaintiffs aver that they are the prevailing parties, and that they have "establish[ed] a prima facie case that their requested award [for attorneys' fees and costs] is reasonable." Plaintiffs' Memorandum at 7. Plaintiffs submit that they have met their burden of demonstrating the reasonableness of their requested attorneys' fees and costs. Plaintiffs contend that the hourly rates of their counsel are reasonable because they are based on the "customary rate" as set forth in the *Laffey* Matrix "utilized by" some of the judges of this court.[1] *Id.* at 5-6. Plaintiffs further

---

[1] The *Laffey* Matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 [] (1985)." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (footnote

contend that due to the "novel" "issue of bullying as a denial of FAPE[,]" as one issue that has

not been presented in "due process hearings in D.C.," counsel was "required" to conduct

"extensive research in order to make the legal argument" before the hearing officer. *Id*. at 6-7.

Finally, Plaintiffs argue that counsel "billed only for the hours spent developing and pursuing the

due process claim and assisting in implementing the HOD once it was issued." *Id.* at 8.

 Defendant seemingly concedes that Plaintiffs were prevailing parties in the underlying

administrative proceeding.  In opposition to Plaintiffs' motion and in support of its cross-motion,

Defendant relies on decisions of judges of this court awarding three-fourths of the *Laffey* rates or

less in IDEA cases, and an administrative order of the Superior Court of the District of Columbia

setting an hourly rate of $90 an hour for appointed attorneys "litigating IDEA cases on the

administrative level," in support of its argument that the hourly rates sought by Plaintiffs are

unreasonable.  Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-

Motion for Summary Judgment ("Defendant's Memorandum") (Document Nos. 13, 14) at 2, 6-8.

With respect to "Plaintiffs' contentions that his matter was 'novel[,]'" Defendant contends that

"Plaintiffs have not substantiated that the IDEA dispute in this HOD is an any way more

complicated than the claims generally made by parents in these cases, entitling their counsel to

*Laffey* rates." *Id*. at 7. (footnote omitted).  Defendant challenges the rates requested by Plaintiffs

for Ms. Houck and Ms. Kotler at $435 per hour because they "have not demonstrated that they

are entitled" to this rate for this matter. *Id.* at 8-9.  Specifically, Defendant argues that Ms.

Houck with 15 years of "Federal litigation experience" and Ms. Kotler with only one to three

years of "Federal litigation experience," are "at most" a more "appropriate hourly rate" of three-

omitted).  The Civil Division of the United States Attorney's Office for the District of Columbia updates and
maintains a *Laffey* Matrix, available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix 2014.pdf.

quarters of the *Laffey* rate at $337.75 per hour and $183.75 per hour, respectively, "for the Federal action." *Id*.

Plaintiffs submit that the underlying administrative proceedings were sufficiently complex to warrant full *Laffey* rates. Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Response in Opposition to Defendant's Cross-Motion for Summary Judgment ("Plaintiffs' Reply") (Document Nos. 15, 16) at 3-4. Plaintiffs state that "counsel were required to have knowledge of the psychological and academic issues involved in each minor Plaintiff's disabilities, understand the procedural rules and substantive legal issues, and . . . have the ability to present all of this information in a cohesive and logical manner, including submitting a 31-page written closing brief." *Id*. at 3. With respect to the reasonableness of the requested rate, Plaintiffs argue that "counsels' charges are commensurate with those prevailing in the community" and that the "requested hourly rate of $435/hour reflects . . . counsel's [Ms. Houck's] vast experience gained over the course of representing hundreds of clients in more than 1500 special education cases since 1997." *Id*. at 4. Plaintiffs further argue that as to Ms. Kotler, "Defendant refuses to acknowledge [her] experience[]" namely that she "has practiced special education law exclusively since 2001 and obtained a masters degree in special education[,]" and that she is "well-versed in identifying symptoms of previously ignored disabilities in her clients, and has accurately referred students for evaluations that have uncovered seizure disorders, significant vision impairments, and even profound deafness, that were previously missed by other service providers." *Id*. at 5, 9-12.

Defendant, in its reply, maintains that Plaintiffs have failed to produce any evidence that the fees requested are reasonable. Defendant's Reply to Plaintiffs' Opposition to Defendant's

Cross-Motion for Summary Judgment ("Defendant's Reply") at 1.  Defendant further maintains

that "Plaintiffs have given no indication of a market rate, other than an affidavit from the founder

of her law firm that essentially declares 'this is the market rate.'" *Id*. at 2-3.  Defendant submits

that it has "duty to protect public funds" and it would "violate the public trust by simply paying

invoices without questioning the legal sufficiency thereof."  *Id*. at 7.

## APPLICABLE STANDARDS

### *Request for Attorneys' Fees Pursuant to the IDEA*

In actions for attorneys' fees that are brought pursuant to the IDEA, "the court, in its

discretion, may award reasonable attorneys' fees as part of the costs" to the prevailing party.  20

U.S.C. § 1415(i)(3)(B)(I).  In evaluating such a request for attorneys' fees, the court must first

determine "whether the party seeking attorney's fees is the prevailing party," and if so, the court

must then evaluate whether the requested fees are reasonable.  *Staton ex rel. Staton v. Dist. of

Columbia*, No. 13-773, 2014 WL 2700894, at *3 (D.D.C. June 11, 2014);  *Douglas v. Dist. of

Columbia*, No. 13-1758, 2014 WL 4359192, at *2 (D.D.C. Sept. 4, 2014); *see also Jackson v.

Dist. of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010) (citations omitted).  The traditional

summary judgment standard is not applicable to the parties' motions, although they are

captioned as motions for summary judgment.  *See Gardill v. Dist. of Columbia*, 930 F. Supp. 2d

35, 37 n.1 (D.D.C. 2013) ("Although the plaintiffs seek attorneys' fees in a motion for summary

judgment, the typical summary judgment standard is inapplicable here . . . ."); *Parks v. Dist. of

Columbia*, 895 F. Supp. 2d 124, 129 (D.D.C. 2012) (citations omitted) ("The IDEA authorizes a

court to award fees 'in its discretion' and to base the award on 'rates prevailing in the

community in which the action or proceeding arose for the kind and quality of services

furnished.') (citations omitted).

The "most useful starting point" for the determination of a reasonable award is generally

"the number of hours reasonably expended" multiplied by a reasonable hourly rate. *Id.* (internal

quotation marks omitted) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The party

requesting fees bears the burden of demonstrating the reasonableness of the hours expended, and

"may satisfy this burden by submitting an invoice that is sufficiently detailed to permit the

District Court to make an independent determination whether or not the hours claimed are

justified." *Id.* (citation omitted) (internal quotation marks omitted).

The party requesting fees "also bears the burden of establishing the reasonableness of the

hourly rate sought," and in doing so, "must submit evidence on at least three fronts: the

attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing

market rates in the relevant community." *Id.* at 4 (internal quotation marks omitted) (citing *In re

North*, 59 F.3d 184, 189 (D.C. Cir. 1995)); *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107

(D.C. Cir. 1995).  *See also Robinson ex rel. Robinson v. Dist. of Columbia*, No. 13-1006, 2014

WL 3702853, at *3 (D.D.C. July 28, 2014).  If the party requesting fees satisfies its burden,

"there is a presumption that the number of hours billed and the hourly rates are reasonable," and

"the burden then shifts to the [opposing party] to rebut" this presumption. *Id.* (citations omitted)

(quoting another source) (internal quotation marks omitted).

**DISCUSSION**

It appears that Defendant does not dispute Plaintiffs' status as a prevailing party, but

instead, challenges the reasonableness of the requested hourly rates, and the costs incurred.[2]

However, the undersigned will discuss in greater detail Plaintiffs' assertion of their status as

prevailing parties and the effect of their status for not being successful on all issues they

presented at the due process hearing.  Thus, the only issue before the Court is whether the fees

Plaintiffs seek are reasonable after obtaining partial success of their claims during the

administrative proceedings.

### *Reasonableness of hourly rates*

The statute provides that fees "shall be based on rates prevailing in the community in

which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. §

1415(i)(3)(C).  Judges of this court have adopted varying approaches to determining the

prevailing market rate for attorneys' fees in IDEA actions.  "While some judges of this court

have applied the full *Laffey* rates in IDEA cases, others, including the undersigned, have applied

a rate equal to three-fourths of the *Laffey* Matrix rate . . . where the underlying administrative

proceedings did not involve particularly complex matters."  *Haywood v. Dist. of Columbia*, No.

12-1722, 2013 WL 5211437, at *6 (D.D.C. Aug. 23, 2013) (citations omitted); *see Gardill v.*

*Dist. of Columbia*, 930 F. Supp. 2d 35, 42 (D.D.C. 2013) (citations omitted) ("Some courts find

that the *Laffey* rate is presumptively reasonable . . . .  Other courts treat the *Laffey* Matrix as

providing 'the *highest* rates that will be presumed to be reasonable when a court reviews a

petition for statutory attorneys' fees' . . . [and] impose lower rates where 'the defendant shows

that the proceedings for which compensation is sought were straightforward or otherwise not

---

[2] The total amount Plaintiffs seek is $59,885.25, of which $159.75 is attributed to costs.  *See* Plaintiffs'
Memorandum, Exhibit 10-4 at 2.  Defendant does not oppose Plaintiffs' request for costs; thus, the request for costs
will be treated as conceded.

demanding of counsel's skills and experience.'").

      Here, Plaintiffs contend that their requested hourly rates of $435 for Ms. Houck and Ms. Kotler are reasonable based upon their billing practices which have "been detailed and recorded in either the billing software program 'Timeslips' or, . . . the software provided by DCPS"; their years of experience and training and practice in special education law; and the "prevailing market rates in the District of Columbia special education community, as determined by several judges of this Court[.]" Plaintiffs' Memorandum at 4-5, 7.  Defendant opposes any award of fees at the requested rates sought by Plaintiffs as unreasonable.  More specifically, Defendant contends that *"Laffey* rates are not presumptively appropriate[,]" and that Plaintiffs' "reference to them does not render lower rates per se reasonable."  Defendant's Opposition at 6. Additionally, Defendant contends that most of the proceedings addressed "the same run-of-the mill issues common to IDEA matters, including proper placement decisions, parental participation in meetings, and development of an appropriate IEP."  Defendant's Opposition at 8. Finally, Defendant submits  that "Plaintiffs' analysis about the prevailing rate in the community also disregards the District of Columbia Superior Court's determination that an appropriate hourly rate for appointed attorneys providing legal representation in special education matters is $90/hour." *Id*. at 7-8.

      Plaintiffs explain in great detail in their reply that due to Ms. Kotler's education and experience in special education law as an attorney and her experience in special education research, publications, and awards, *Laffey* rates at $435 for her are warranted.  Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Response in Opposition to Defendant's Cross-Motion for Summary Judgment

("Plaintiffs' Reply") at 5-12, Sworn Declaration of Michelle Kotler, Esq. (Document No. 15-3) at 2. Plaintiffs also reiterate that Ms. Houck's "requested hourly rate of $435/hour reflects [her] vast experience gained over the course of representing hundreds of clients in more than 1500 special education cases since 1997[ ]" is "reasonable." Plaintiffs' Reply at 4.

### *Determining complexity in IDEA cases and the issue of bullying and harassment as "novel" to warrant full Laffey rates*

In making such a determination, "'[d]ecisions from this Circuit have identified a number of indicia of complexity, such as (1) the length of the administrative hearing; (2) the number of documents and witnesses presented at the administrative hearing; (3) the amount of discovery required; (4) the presence of novel legal issues; (5) the quantity of briefing required; and (6) the use of expert testimony.'" *Gardill*, 930 F. Supp. 2d at 43 (quoting *Thomas v. Dist. of Columbia*, 908 F. Supp. 2d 233, 247 (D.D.C. 2012)).

During the pre-hearing conferences, Plaintiffs contend that a complex issue was raised by Plaintiffs of whether Defendant denied D.W. a FAPE by allowing bullying and harassment in violation of IDEA. Plaintiffs' Memorandum at 6-7, HOD (Document No. 10-10) at 4-7. The hearing officer acknowledged that "allowing bullying and harassment of a disabled student can violate IDEA, courts have not set forth a legal theory through which to analyze bullying and harassment claims." *Id*. at 4-5.

Contrary to Plaintiffs' assertions that this issue was a "novel" issue, the hearing officer determined that "a better legal theory through which to analyze the [Plaintiff's] claims" "were not presented at the pre[-]hearing conference", and therefore, the hearing officer would not analyze the Plaintiffs' claims on the theory of an inappropriate placement or failure to implement

claim.  *Id*.

    A judge (Koller-Kotelly J.) of this court, in a recent opinion, addressed the same issue

and noted that neither the D.C. Circuit nor judges of this court have developed jurisprudence

with respect to this issue:  "This jurisdiction has not addressed the issue of whether bullying may

be a basis for finding a violation of the IDEA and a denial of a FAPE.  Four other circuits have

addressed this issue, however, a common framework under which to analyze the issue has not

emerged."   *S.S. ex rel. Street v. Dist. of Columbia*, No. 13-557, 2014 WL 4650885, at *8

(D.D.C. Sept. 19, 2014) (footnote omitted); *T.K. v. New York City Dep't of Ed.*, 779 F. Supp. 2d

298, 312 (E.D.N.Y. 2011).  "Of the circuits that have developed a test for analyzing bullying

claims, the Ninth Circuit asks 'whether a teacher was deliberately indifferent to bullying and the

abuse so severe that a child can derive *no* educational benefit.'"  *Id*. (Citing *T.K.*, 779 F. Supp.

2d at 312) (emphasis in original). "The United States District Court for the Eastern District of

New York has derived another test: 'whether school personnel was deliberately indifferent to, or

failed to take reasonable steps to prevent bullying that substantially restricted a child with

learning disabilities in her educational opportunities.'" *Id*. (Citing *T.K.*, 779 F. Supp. 2d at 316).

    During the due process hearing the hearing officer pointed to counsel's inability to

precisely present the "nature of [Plaintiff's] claim" because a "number of issues were

tangentially touched upon in the [due process] complaint, and a number of legal theories under

which [Plaintiff] could have brought her claims against [DCPS].  However, in two prehearing

conferences, the [hearing officer] specifically requested and ordered [Plaintiffs] to state the

issues for the hearing with particularity and clarify the legal theories under which [Plaintiffs]

were bringing their complaint against [DCPS]."  HOD (Document No. 10-2)  at 4.  The

undersigned finds and agrees with the Defendant that the Hearing Officer's focus was not on the issue of bullying but rather the affect of bullying on D.W.'s safety.  Specifically, the Hearing Officer determined that "[DCPS] failed to comprehensively evaluate [D.W.] by failing to determine how [D.W.] could be safely educated in light of her physical disabilities and the bullying and harassment of which [Plaintiff] had repeatedly complained," and he also determined that "[DCPS] failed to determined [D.W.'s] educational need for safety in failing to determine how bullying affected [D.W.'s] safety."  HOD at 20.

### *Prevailing Rates*

"Section 1415(i)(3)(C) of IDEA provides that hourly rates "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." In this jurisdiction, the commonly accepted benchmark for prevailing market rates for attorneys' fees in complex federal court litigation comes from the *Laffey* Matrix, which were first established in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C.1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C. Cir.1984), *modified by Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F.2d 1516 (D.C. Cir.1988) (*en banc*); *Capital City Pub. Charter Sch. v. Gambale*, No. 13-253, 2014 WL 1100366, at *15 (D.D. C. Mar. 20, 2014); *Jackson v. Dist. of Columbia,* 696 F. Supp. 2d at 102 (collecting cases and finding that "numerous judges in this district have applied *Laffey* rates in the context of fee awards arising out of IDEA administrative proceedings"), *appeal dismissed,* No. 10–7050, 2010 WL 2574191 (D.C. Cir. June 2, 2010).

"The prevailing market rate provides merely a starting point for determining the reasonableness of a billing rate . . . .  The fee applicant should also submit evidence, including

affidavits, regarding her counsel's general billing practices, skill, experience and reputation."

*Baker v. Dist. of Columbia Pub. Sch.*, 815 F. Supp. 2d 102, 114 (D.D.C. 2011) (citations

omitted) (internal quotation marks and alterations omitted).  Counsel for Plaintiffs represents that

their work "is to be valued at a rate that reflects the customary fee for similarly complex work

and the experience, reputation, and ability of the individual attorney[,]" and that "an attorney

with the extensive experience of [counsel in this matter], the prevailing market rate according to

the USAO *Laffey* Matrix" is $445 an hour."  Plaintiffs' Memorandum at 4; *see also Clay v. Dist.

of Columbia*, No. 09-1612, 2014 WL 322017, at *6 n.5 (D.D.C. Jan. 28, 2014) (citations

omitted) ("Plaintiffs failed to submit evidence of their counsel's actual billing rates.").  However,

Plaintiffs also represent that "the requested hourly rate of $435/hour reflects . . . counsel's vast

experience gained over the course of representing hundreds of clients in more than 1500 special

education cases since 1997."  *Id*.

   In support of Plaintiffs' request, counsel submitted declarations in which they described

their skill, experience, reputation, and billing practices in detail.  *See* Plaintiffs' Memorandum

(Document No. 10-6) at 2-3, (Document No. 10-13) at 2-4.  Ms. Houck avers that the "sole area

of [her] practice since 1997 has been special education law, representing parents."  Plaintiffs'

Memorandum (Document No. 10-6) at 2.  She was admitted to the Maryland bar in 1997, and the

District of Columbia bar in 1998.  *Id*.  Ms. Kotler avers that the "sole area of [her] practice since

2001 has been special education law, representing parents."  *Id*.  Document No. 10-13 at 2.  She

was admitted to the Maryland bar in 2001, and the District of Columbia bar in 2012.  *Id*.  Their

requested hourly rate is equal to the 2012-2013 *Laffey* Matrix rate for an attorney with eleven to

nineteen years of experience.  *See* Plaintiffs' Memorandum (Document No. 10-7) at 2.

Defendant raises a number of arguments that the court has previously determined to be without merit. First, the undersigned has rejected Defendant's contention that counsel's hourly rate should be calculated according to years of federal litigation experience. Defendant's Reply to Plaintiffs' Opposition to Defendant's Cross-Motion for Summary Judgment ("Defendant's Reply") at 3. *See Clay*, 2014 WL 322017, at *5. Moreover, judges of this court, including the undersigned, have found Defendant's reliance on the Superior Court of the District of Columbia's $90 rate for appointed attorneys in family court unpersuasive. *See id.* at *6 (citing *Eley v. Dist. of Columbia*, 999 F. Supp. 2d 137, 157 n.9 (D.D.C. 2013)). In any event, although Defendant avers that $333.75 and $183.75 are appropriate hourly rates for work performed by Ms. Houck and Ms. Kotler in this "Federal action" and that $90 is an appropriate hourly rate for "attorneys litigating IDEA cases on the a administrative level," *see* Defendant's Memorandum at 8-9, Plaintiffs' current fee request reflects work performed at the administrative level and for fees incurred in this action. *See* Plaintiffs' Memorandum at 9. (Plaintiffs also seek attorneys' fees and costs incurred in bringing this action).

### *Prevailing Party Status*

In determining whether a party is the "prevailing party," the D.C. Circuit has interpreted *Buchannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health and Human Res.*, 532 U.S. 598, 600 (2001) as requiring a three part test: "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Robinson ex rel. Robinson v. Dist. of Columbia*, No. 13-1006, 2014 WL 3702853, at *3 (D.D.C. July 28, 2014); *Green Aviation Mgmt. Co. LLC v. FAA*, 676 F. 3d 200, 203 (D.C. Cir. 2012) (citations omitted).

"This 'prevailing party' test applies generally to federal attorneys' fee-shifting statutes, including the IDEA." *Robinson*, 2014 WL 3702853, at *3; *see also Dist. of Columbia v. Straus*, 590 F. 3d 898, 901 (D.C. Cir. 2010) (applying three-part test to IDEA case).

"Determining the reasonable attorneys' fees to which a prevailing party is entitled entails a three-part analysis: "(1) determination of the number of hours reasonably expanded [sic] in litigation; (2) determination of a reasonable hourly rate or 'lodestar'; and (3) the use of multipliers as merited." *Robinson*, 2014 WL 3702853, at *3 (citing *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F. 2d 1516, 1517 (D.C. Cir. 1988) ("*SOCM*") (citation omitted). "Thus, in IDEA attorneys' fees cases, the party seeking fees must show she is a prevailing party entitled to an award, and the *SOCM* test to show the reasonableness of the hours expended and the hourly billing rate." *Robinson*, 2014 WL 3702853, at *3.

### Partial Success

"The product of reasonable hours times a reasonable rate does not end the inquiry," as the court can "adjust" the fee award based on the "results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Consideration of the "results obtained" is "particularly crucial where a plaintiff is deemed 'prevailing' even though he succeed on only some of his claims for relief." *Id.*; *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). In determining whether a reduction is necessary to account for the degree of success, courts must exercise discretion, as "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. "[T]he most critical factor is the degree of success obtained," and "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 436, 440.

Plaintiffs claim to have prevailed as to each of the issues presented in the due process

complaint but the Hearing Officer ruled against Plaintiff as to three of the issues:

> The undersigned finds that Parent did not prove by a
> preponderance of the evidence that Student needs 30 minutes of
> speech and language services per week.

> The undersigned finds that Parent did not provide by a
> preponderance of the evidence that Student needs ESY to obtain
> FAPE. Specifically, the undersigned finds that Parent did not provide
> that Student would be vulnerable to inordinate regression due to a
> summer break or that it would take an inordinate amount of time for
> Student to recoup learning lost during the summer break.

> The undersigned finds that the District denied Student FAPE
> by failing to provide appropriate homebound services from
> November, 2010, to March, 2012. The undersigned finds that claims
> prior to November, 2010, for failure to provide homebound services
> are barred by the statute of limitations, and that there is no equitable
> or statutory reason to toll the statute of limitations.

HOD (Document No. 10-2) at 21.

The undersigned notes that two findings were adverse to Plaintiffs, so Plaintiffs did not

entirely prevail; and that as to the third finding, those claims were barred by the statute of

limitations. Plaintiffs aver to an offer of settlement in their complaint but rejected the offer

because the offer was significantly lower than the invoiced amount. Defendant, on the other

hand, conceded this issue by not providing a response.

Upon review of the administrative record, there is no evidence that the issues before the

Hearing Officer were complex. Plaintiffs pled four claims in a 12-page due process complaint,

and the claims were heard during two days of hearings in which Plaintiffs called seven

witnesses, four of whom were experts, and the Defendant called two witnesses. *See* Plaintiffs'

Memorandum at 6, Document No. 10-2 at 2. During the due process hearing, testimony was

elicited from Plaintiff with respect to D.W.'s disability; from a psychologist regarding D.W.'s

cognitive and physical disabilities; verbal harassment and bullying D.W. experienced at various

District public schools; inadequate assessments and evaluations that failed to address "aspects of

[D.W.'s] medical fraility" that needed accommodation in order to protect D.W.'s "physical

safety"; facts related to D.W.'s special education and related services; and location of services

and placement.  HOD at 5-13.

     The undersigned acknowledges that Plaintiffs may have spent a significant amount of

time researching the relevant case law in crafting a plausible legal theory that was rejected by the

hearing officer, and notwithstanding Plaintiffs' assertion that this matter was "novel" and

involved a complex issue of bullying, the undersigned finds that Plaintiffs have not demonstrated

sufficient complexity of the underlying administrative proceedings such that full *Laffey* rates are

justified.  *See* Plaintiffs' Memorandum at 2-8, HOD (Document No. 10-2) at 4-5; Plaintiffs'

Reply at 3.  The undersigned concludes that this is a routine IDEA matter.  Therefore, this action

do not justify the full *Laffey* rates for counsel because the issues were not sufficiently complex

and that Plaintiffs did not prevail in all of the claims presented at the due process hearing.  *See*

*Gardill*, 930 F. Supp. 2d at 43; *McLam v. Dist. of Columbia*, 808 F. Supp. 2d 184, 189 (D.D.C.

2011); *Cox v. Dist. of Columbia*, 754 F. Supp. 2d 66, 75-76 (D.D.C. 2010).  Accordingly, the

Court will award attorneys' fees at three-fourths of the *Laffey* rates to Plaintiffs at the hourly rate

of $326.25 for Ms. Houck and Ms. Kotler in the amount of $44,794.12, plus costs in the amount

of $159.75 for a total award of $44,953.87.

**CONCLUSION**

     For the reason set forth herein, Plaintiffs' Motion for Summary Judgment (Document No.

10) will be granted in part, and Defendant District of Columbia's Cross-Motion for Summary

Judgment (Document No. 14) will be denied by order filed contemporaneously herewith.


_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge


October 27, 2014